UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Douglas James Schneider,<br><br>　　　　Defendant. | Case No. 1:19-CR-00124<br><br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

## INTRODUCTION

Defendant, Douglas James Schneider ("Mr. Schneider"), has pleaded guilty to the crime of Transportation of a Minor in violation of 18 U.S.C. § 2423(a). His sentencing is scheduled for January 10, 2022. Mr. Schneider files this Sentencing Memorandum for this Court's consideration.

## GUIDELINE CALCULATION

### I.   Criminal History Calculation

The Presentence Investigation Report ("PSIR")[1] calculates Mr. Schneider has incurred two criminal history points, placing him in Criminal History Category II.[2] Mr. Schneider agrees with this calculation, and requests this Court use a Criminal History Category II when determining an appropriate sentence.

---

[1]   *See generally* Doc ID # 38.

[2]   PSIR, at ¶¶ 35-36.

## II. Offense Level Calculation

The Government and Mr. Schneider entered into a written plea agreement.[3] They agreed to a base offense level of 28, with a two-level enhancement care/custody/control of victim, a two-level enhancement for sex acts performed during commission of crime, and an eight-level enhancement for the victim being under 12 years of age.[4] The PSIR confirms the base offense level,[5] and the agreed-to enhancements.[6]

The PSIR also posits a two-level enhancement for undue influence,[7] and a four-level enhancement for pattern of activity involving prohibited sexual conduct,[8] enhancements not agreed to by Mr. Schneider and the Government.[9] The Plea Agreement represents a good faith agreement as to what the Government could prove by a preponderance of the evidence. Accordingly, Mr. Schneider requests that this Court respect the agreed to enhancements between Mr. Schneider and the Government, and not apply the enhancements for undue influence and pattern of prohibited conduct.

The Government will recommend a downward adjustment of two levels for acceptance of responsibility in accordance with U.S.S.G. § 3E1.1(a), and one level for timely notification

---

[3] *See generally* Plea Agreement, Doc. #29.

[4] *Id.* at ¶¶ 13-14.

[5] PSIR, at ¶ 16.

[6] *Id.* at ¶¶ 17, 19-20.

[7] *Id.* at ¶ 18.

[8] *Id.* at ¶ 25.

[9] Plea Agreement, ¶ 14.

in accordance with U.S.S.G. § 3E1.1(b).[10] The PSIR agrees with these adjustments.[11] Using the guidelines agreed to by Mr. Schneider and the Government, this results in a net offense level of **37**.[12] Accordingly, Mr. Schneider requests this Court use the offense level of **37** when determining an appropriate sentence.

## CONCLUSION

When determining Mr. Schneider's guideline range, Mr. Schneider respectfully requests this Court use Criminal History Category II, and offense level **37**, for a guideline range of **235-293 months**. Mr. Schneider further requests the Court impose sentence consistent with the parties' plea agreement, for a duration not to exceed 210 months.

Dated this 3rd day of January, 2022

**VOGEL LAW FIRM**

*/s/ Luke T. Heck*
BY: Luke T. Heck (#08133)
218 NP Avenue
PO Box 1389
Fargo, ND  58107-1389
701.237.6983
Email:   lheck@vogellaw.com
ATTORNEYS FOR Defendant

---

[10] Plea Agreement, at ¶ 16.

[11] PSIR, at ¶¶ 26-27.

[12] *But see id.* at ¶ 28 (calculating an offense level of 43 by providing a two level enhancement for undue influence, and a five level enhancement for pattern of conduct).